IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,        :

                            :      ID No. 1504000557

v.                      :      In and for Kent County

                            :

EZEKIEL BENSON        :

                            :

        Defendant.      :

**ORDER**

This matter has been re-convened upon the Motion of the State to have the Court reconsider the prior Order suppressing the evidence of a handgun allegedly in the possession of Ezekiel Benson ("Defendant"), as possession is defined statutorily.[1] The basis for the request for reconsideration is that Defendant had no standing even to raise the issue of suppression, thereby precluding any determination of suppression.

The seizure of the handgun was inside of a residence known as and located at 309 West Division Street, Dover, Delaware. The arresting officers, who had a reasonably articulable basis for stopping and searching Defendant in the abstract, entered that address without a warrant before seizing the weapon. A warrantless entry and search therein is presumptively unreasonable.[2] However, in order even to raise that point, the Defendant must have standing to object to the search as a preliminary matter.[3] To establish that standing, the Defendant must possess a

---

[1] 11 *Del. C.* § 1448(a)(9).

[2] *Mason v. State*, 534 A.2d 242, 248 (Del. 1987).

[3] *Hanna v. State*, 591 A.2d 158, 162 (Del. 1991).

"legitimate expectation of privacy in the residence entered by police."[4]

The presence or absence of that expectation is certainly fact sensitive. Various cases referenced in the Order of April 7, 2016, have considered situations involving that same question. When the circumstances are such that this consideration becomes the focal point, the nuances distinguishing one's having a legitimate expectation from one's failing to become fairly fine. Probably in many cases, certainly in this one, credibility of the witnesses becomes a major factor.

In the case before us, three witnesses testified on this question. The first was Defendant. At the hearing for the review, Defendant testified that, with some regularity, he utilized 309 West Division Street in various ways: sometimes merely to stop by; sometimes to stay overnight; occasionally for as long as three days at a stretch. He testified that, on at least some occasions, he kept a change of clothes in the upstairs bedroom he utilized. The State pointed out that, at the original suppression hearing, Defendant responded that he did not live at 309 West Division Street, and "did not lay his head there." Defendant testified that the apparent contradiction was explained by his thinking that the two questions were one in the same, simply asked differently, as a "prosecutor's tactic;" reiterating that he did not "live" at 309 West Division Street, but that he was, on that occasion as on multiple others, an overnight guest.

The Defense also called Natalia Smith ("Ms. Smith"), Defendant's wife, now residing in Florida, but present for testimony. She described that she and Defendant had their "ups and downs" as a married couple, which occasionally led to Defendant's

---

[4] *Wilson v. State*, 2002 WL 31106354 (Del. 2002).

"staying other places," one of which was 309 West Division Street. She said that, on her way to Thursday church meetings, if Defendant had not been home at the time with her, she would pick him up at one of several places, since she "knew where he was," one of which was 309 West Division Street. At three or four of those times, she went inside 309 West Division Street. She never went upstairs, but on at least two occasions she heard Lakiesha Williams ("Ms. Williams"), the actual tenant, call to Defendant, apparently arousing him from a sleep; and on another observed Defendant using a wash cloth as if he had recently showered. She indicated that Defendant had for up to eight years helped support her and her children from another relationship.

In the course of evaluating credibility, the Court would recognize that Defendant had the most precise reason for prevarication, if any were to exist. Ms. Smith, given Defendant's support for her, had some. On the other hand, her testimony, which did not appear manifestly false, did little more than provide consistency with Defendant's version, rather than actual observational support.

The third witness, Ms. Williams, was the actual tenant of 309 West Division Street. She appeared to have nothing to gain by falsifying any testimony in opposition to Defendant. Indeed, the Courtroom contained a quantity of supporters of Defendant, which, if anything, would tend to intimidate a witness, who would be returning to the community after testifying, into providing support for Defendant's version. In any event, Ms. Williams categorically testified that Defendant never stayed at 309 West Division Street; never remained there overnight; never utilized the upstairs bedroom; never kept clothing at 309 West Division Street; and certainly never stayed there for "three days," as Defendant had testified. While Ms. Williams was shown to have a criminal history including crimes of dishonesty, that DRE 609 circumstance was not

persuasive. Additionally, on rebuttal, Defendant's wife, Ms. Smith, was questioned regarding whether or not Ms. Williams had told Ms. Smith anything contradictory to Ms. Williams' testimony. Nothing of any significance was mentioned.

Thus, in sum, on this very fact or credibility intensive issue, we have the Defendant, with a great deal at stake, testifying to a somewhat marginal status which has in some cases supported a claim of privacy expectation, and in some cases not; and which testimony itself has arguably been contradicted by prior testimony.

We have Defendant's wife, with some reason for bias, though not a great deal, whose testimony is not inconsistent with Defendant's, but also does little to provide substantial support.

Finally, we have Ms. Williams, who was not shown to have any reason for bias against Defendant, clearly and directly discrediting Defendant's version.

The Court can only conclude that Defendant did not have any reasonable expectation of privacy in the downstairs at 309 West Division Street, where the seizure of the handgun occurred.

Accordingly, the Order of March 23, 2016 suppressing evidence seized in this case is **VACATED**. Defendant's Motion to Suppress Evidence is **DENIED**.

As a result of this Decision. Defendant's Motion for Modification of Bond, on the basis of the States' not having evidence to support conviction, is **DENIED**.

**SO ORDERED** this 4th day of May 2016.

/s/ Robert B. Young

_____

J.

RBY/dsc
oc:    Prothonotary
cc:    Zachary A. George, Esquire
       John R. Garey, Esquire